

United States District Court
Southern District of Texas

**ENTERED**
October 25, 2019
David J. Bradley, Clerk

ENTERED
10/22/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 18-34892 |
| URBAN OAKS BUILDERS LLC | § | CHAPTER 11 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| URBAN OAKS BUILDERS LLC, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | ADVERSARY NO. 19-3357 |
| | § | |
| GEMINI INSURANCE COMPANY, *et al* | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
<u>REGARDING THE WITHDRAWAL OF THE REFERENCE</u>**
(Docket No. 27)

    Before the Court for consideration is the Motion to Withdraw the Reference filed by Gemini Insurance Company ("Gemini"). For the reasons set forth below, the Court recommends that the District Court grant the motion and withdraw the reference of this adversary proceeding in its entirety.

**Background**

    1.    On August 31, 2018, Urban Oaks Builders, LLC (the "Debtor") filed a voluntary chapter 11 case [Case No. 18-34892]. At the time of the filing, the Debtor was involved in a complex dispute regarding its liability for alleged construction defects and the ongoing duties of its insurers to provide coverage under the applicable insurance policies.

    2.    On March 15, 2019, the Debtor initiated this adversary proceeding against its insurers, several subcontractors and others (i) seeking turnover; (ii) asserting claims for breach of contract; and (iii) requesting declaratory relief regarding the duties owner by its insurers under their respective policies. Since the initial filing, the defendants have asserted multiple cross-claims seeking various forms of relief.

    3.    On April 29, 2019, Gemini filed a motion for withdrawal of the reference asserting that all claims asserted by the Debtor constitute non-core proceedings under 28 U.S.C.

§ 157(b) [Docket No. 27]. On May 2, 2019, Ironshore Specialty Insurance Company ("Ironshore") filed a joinder in support of Gemini's motion and further asserted that it is entitled to a jury trial and does not consent to a jury trial before the bankruptcy court [Docket No. 33]. Likewise, on May 16, 2019, Navigators Specialty Insurance Company ("Navigators") and Great American Assurance Company filed joinders to Gemini's motion [Docket No. 48]. Finally, on May 20, 2019, Southstar Capital Group I, LLC, Cottington Road TIC, LLC, and Durban Road TIC, LLC (the "Southstar Defendants") filed a joinder in support of the motion [Docket No. 53].

4.      The Debtor filed an omnibus response on June 5, 2019 asserting that (i) this proceeding is equitable in nature and therefore no jury trial right exists; and (ii) withdrawal of the reference is not warranted due to the existence of both core and non-core claims [Docket No. 60].

**Analysis**

5.      The District Court may withdraw, in whole or in part, any case or proceeding referred under § 157, on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. §157(d). In determining whether cause exists for the reference to be withdrawn, courts weigh six factors: (i) promoting uniformity in bankruptcy administration; (ii) reduction of forum shopping and confusion; (iii) economical use of debtors' and creditors' resources; (iv) expediting the bankruptcy process; (v) the presence of a jury demand; and (vi) core versus non-core matters. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985); *Cano v. GMAC Mort. Corp.*, 2009 U.S. Dist. LEXIS 127215, *5 (S.D. Tex. Sept. 29, 2009). Once a determination is made that the claim is core or non-core, a court may then consider the other factors in deciding whether it is appropriate to withdraw reference from bankruptcy court. *See In re Burger Boys, Inc.,* 94 F.3d 755, 762 (2nd Cir. 1996) (providing that determination of whether the claim is core or non-core is the most important factor to weigh in deciding whether to withdraw an issue from the bankruptcy court).

6.      The Fifth Circuit defines a core proceeding as a proceeding which "invokes a substantive right provided by title 11 or that, by its nature, could only arise in the context of a bankruptcy case." *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987). Section 157(b)(2) provides a nonexclusive list of sixteen core proceedings including "orders to turn over property of the estate." 28 U.S.C. § 157(b)(2)(E). Section 157(b)(2)(E), however, applies to property *owned* by the debtor and not to property *owed* to the debtor. *In re Morrison*, 409 B.R. 384, 390 (S.D. Tex. 2009) (finding that a claim seeking turnover of withheld commissions and damages from a breach of contract did not fall under § 157(b)(2)(E)).

7.      In its complaint, the Debtor asserts a claim for turnover under 11 U.S.C. § 542 seeking the delivery of $2,372,645.58 for reimbursement under its insurance policies of fees and expenses incurred in the underlying dispute. At best, this is a claim to recover amounts due under a contract. The remaining claims asserted by the Debtor seek declaratory relief and other damages. These claims do not "invoke a substantive right provided by title 11" nor by their nature, "could they only arise in the context of a bankruptcy case." This adversary proceeding is a non-core proceeding.

8.      Application of the remaining five Holland factors are either neutral or suggest that the reference be withdrawn.  In addition, the Court has concerns regarding its constitutional authority to enter a final judgment in this proceeding.  *See Wellness Intern. Network. Ltd. v. Sharif*, 135 S.Ct. 1932 (2015); *Stern v. Marshall,* 131 S.Ct. 2594 (2011).  The majority of the defendants have not filed proofs of claim in the underlying bankruptcy case and none have consented to the Court's entry of a final judgment.  The Court finds that withdrawal of the reference is required.

9.      In similar situations involving technical bankruptcy issues, this Court would ordinarily recommend that it operate as a magistrate court with respect to pre-trial matters to assist the District Court.  In this case, no such issues exist and the Court recommends immediate withdrawal of the entire case.  To the extent that the District Court disagrees with this Court's reasoning, this Court stands ready to handle any pre-trial matters that the District Court deems appropriate.

## Conclusion

10.     For the reasons set forth above, the Court recommends that the District Court withdraw the reference of this adversary proceeding in its entirety.

**SIGNED: October 22, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**