# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>URBAN OAKS BUILDERS, LLC,<br><br>    Debtor. | § § § § § § § § | Chapter 11<br><br>Case No. 18-34892 (DRJ) |
| URBAN OAKS BUILDERS, LLC; HINES INTERESTS LIMITED PARTNERSHIP; 1662 MULTIFAMILY LLC; HINES 1662 MULTIFAMILY, LLC; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP; HIMH GP, LLC; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP; JCH INVESTMENTS, INC;<br><br>    Plaintiffs,<br><br>v.<br><br>GEMINI INSURANCE COMPANY; IRONSHORE SPECIALTY INSURANCE COMPANY; NAVIGATORS SPECIALTY INSURANCE COMPANY; GREAT AMERICAN ASSURANCE COMPANY; SOUTHSTAR CAPITAL GROUP I, LLC; COTTINGTON ROAD TIC, LLC; DURBAN ROAD TIC, LLC; COLLIS ROOFING, INC.; DA PAU ENTERPRISES, INC.; FLORIDA CONSTRUCTION SERVICES, INC.; STRUCTURAL CONTRACTORS SOUTH, INC.;<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Adv. Pro. No. 19-03357 |

.

**GEMINI INSURANCE COMPANY'S MOTION
TO WITHDRAW THE REFERENCE**

**NOTICE UNDER BLR 9013-1**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant Gemini Insurance Company ("Gemini"), pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Local Rule 5011-1, files its motion to withdraw the reference of this non-core proceeding filed by Plaintiffs Urban Oaks Builders, LLC, Hines Interests Limited Partnership, 1662 Multifamily LLC, Hines 1662 Multifamily, LLC, Hines Investment Management Holdings Limited Partnership, HIMH GP, LLC, Hines Real Estate Holdings Limited Partnership, and JCH Investments (collectively "UOB"), and states:

**PRELIMINARY STATEMENT**

1.      This simple coverage dispute has been tossed around to three courts. Originally, UOB sued their insurers over coverage in an action styled as *Hines Interests Limited Partnership, et. al. v. SouthStar Capital Group I, LLC, et. al.*, in Osceola County Circuit Court,

Case No. 2018 CA 4150C. The complaint alleged claims for declaratory relief against each of the insurers. On July 17, 2018, Gemini removed the coverage action to the United States District Court for the Middle District of Florida. Gemini then moved to dismiss the complaint on the grounds that it failed to state a claim because Gemini exhausted its obligation under the policy by paying its $2,000,000 each occurrence limit towards settlement of the insureds' liability.

2.  Ironshore Specialty Insurance Company ("Ironshore") answered the complaint and filed a crossclaim against Gemini. The single count for declaratory relief requests a finding that Gemini's policy has not been exhausted. According to Ironshore, there are multiple occurrences which trigger Gemini's aggregate limit of $4,000,000. While Gemini's motion to dismiss was under advisement, UOB moved to transfer venue to this Court. All the insurers opposed transfer because coverage is not a "core" bankruptcy issue. Instead of ruling on the motion to transfer, the District Court issued an order to show cause why the action should not be remanded. After five months of litigating diversity jurisdiction, the District Court remanded the action to the Osceola County Circuit Court on December 20, 2018.

3.  Sensing some strategic advantage to litigating coverage in this Court, UOB engaged in textbook forum shopping. UOB quickly filed a motion for voluntary dismissal. On March 19, 2019, the trial court held that under Florida law it was required to grant dismissal of the primary complaint. The trial court also retained jurisdiction over Ironshore's crossclaim against Gemini.

**PROCEDURAL BACKGROUND**

4.  On August 31, 2018, Urban Oaks Builders, LLC ("Urban Oaks") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

5. On March 15, 2019, UOB filed a complaint (the "Complaint") against the above-captioned defendants.[1]

## REQUEST TO WITHDRAW THE REFERENCE

A. **Cause Exists to Withdraw the Reference Under 28 U.S.C. § 157(d).**

6. Section 157(d) authorizes the district court to withdraw the reference for "cause shown." Courts in the Fifth Circuit typically consider the following factors to determine if cause exists to withdraw the reference:

   (1) Whether the underlying lawsuit is a core or non-core proceeding;

   (2) Whether a promotion of uniformity in bankruptcy administration will be achieved;

   (3) Whether forum shopping and confusion will be reduced;

   (4) Whether there will be economical use of the debtors' and creditors' resources'

   (5) Whether the withdrawal of reference will expedite the bankruptcy process, and

   (6) Whether a party has demanded jury trial.

*See, e.g.*, *In re EbaseOne corp.*, No. 06-3197, 2006 WL 2405732, at *2 (Bankr. S.D. Tex. June 14, 2006) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). The most important factor in deciding whether to withdraw the reference "is whether the claim is core or non-core." *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 590 (S.D.N.Y. 2012). Here, all of the claims against the insurers are **non-core**. This factor alone weighs heavily in favor of withdrawing the reference.

---

[1] Gemini intends to file a motion to dismiss this non-core proceeding on or before the May 20th response deadline as stipulated by the parties.

**B.     The Complaint Alleges Only Non-Core Claims; The Reference Must Be Withdrawn.**

7.      UOB's Complaint includes three counts. Count <u>I</u> is for Turnover under 11 U.S.C. § 542. Urban Oaks alleges that the policies are property of the estate and Gemini and Ironshore owe a "debt" to the debtor in possession. Specifically, Urban Oaks seeks payment of approximately $2,300,000 from Gemini and Ironshore. Urban Oaks claims that it incurred "$1,286,080,24 in unreimbursed fees and expenses" in defense of the underlying action and "$1,086,565.34 in unreimbursed remediation expenses" at the project. (DE 1, Pg. 25-26). Count <u>II</u> is for Breach of Contract against all of the insurers. Urban Oaks alleges that one or more of the insurers have refused to provide a defense or "engaged in entirely inadequate and untimely attempts to provide a defense." (*Id.*, Pg. 26-27). Count <u>III</u> is for Declaratory Relief against all of the insurers. Urban Oaks seeks a declaration that the insurers owe defense and indemnity for the claims against them in the underlying action. (*Id.*, Pg. 27-29).

8.      Counts II and III allege non-core claims under 28 U.S.C. § 157. Aware of this, UOB attempted to plead a "core" claim under Count I. Count I is legally deficient and inapplicable because a dispute over defense and indemnity is not subject to turnover.

9.      UOB alleges that Count I is a "core" claim. (DE 1, Pg. 9.). Normally, a claim to turn over property of the estate is a core claim. *See* 11 U.S.C. § 157(b)(2)(E). In the insurance context, turnover only applies to a request for the claims an insured has against its insurer. *See D&M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.) ("Generally, causes of action constitute property subject to turnover by a court.") (citations omitted). In *Turner*, the homeowners sued for defective construction of their home. The jury found liability and awarded plaintiff damages. After discovering that the insured was defunct, plaintiffs moved for turnover relief. Specifically, plaintiffs requested rights to any insurance

policy issued which may cover the judgment. The court affirmed the order granting turnover of the cause of action (indemnity), stating: "The Turners would have the same interest as [insured] would to pursue any bad faith or failure to indemnify claims against [insurer] to maximum recovery." *Id.* at 858.

10. Turnover is not available when there is a dispute over an insurer's duty to defend or indemnify. *See id.* at 857 ("Such a turnover order would violate public policy and the open courts doctrine."); *see also In re Lithograph Corp.*, 60 B.R. 199, 203 (Bankr. D. R.I. 1986) (rejecting insured's argument that insurance dispute was a core proceeding because the policy was an asset of the estate that affected liquidation of assets of the estate under Section 157(b)(2)(O)). Moreover, turnover cannot be used to resolve a coverage dispute arising pre-petition. *See In re Latin Am. Roller Co.*, 412 B.R. 15, 22 (D. P.R. 2009) ("Factually similar cases reveal that in a situation where a debtor is making a pre-petition claim under [an] insurance policy against an insurer that is contesting liability, such a claim is not a turnover action and does not support core proceeding jurisdiction.") (citing *Matter of Pied Piper Casuals, Inc.*, 65 B.R. 780 (S.D.N.Y. 1986) (holding that a debtor's action for reimbursement under a theft insurance policy was not a core proceeding in a case where the insurer contested coverage, because the alleged debt was not a matured obligation payable on demand.")). Here, UOB and the insurers disagree over coverage for the underlying construction defect lawsuit. This dispute arose pre-petition. Accordingly, Count I is a non-core claim.

11. Count II for breach of contract and Count III for declaratory judgment are also non-core claims. Both counts are based on interpretation of Texas law, not the Bankruptcy Code. For instance, the court in *Acolyte Elec. Corp. v. City of New York*, 69 B.R. 155 (Bankr. E.D.N.Y. 1986), rejected plaintiff's argument that breach of contract is a core claim, finding:

> In this adversary proceeding there is a legitimate dispute as to whether Acolyte is entitled to recover the funds claimed due under the contract. Since a resolution of this action involves a state law determination of the defendant's liability under the contract, it is a step away from a true § 542 turnover proceeding and, therefore, does not constitute a core proceeding under § 157(b)(2)(e).[2]

*Id.* at 172; *see also E3 Biofuels-Mead, LLC v. Zurich Am. Ins. Co.*, No. 08-214, 2009 WL 274477, at *1 (D. Kan. Jan. 26, 2009) ("Generally, actions to recover insurance proceeds that can exist independently of the bankruptcy case and do not involve bankruptcy laws are considered non-core.").

12. Additionally, the insurance contracts were issued pre-petition, which also weighs against core status. *See In re Lawrence Group, Inc.*, 285 B.R. at 787 ("A dispute arising from a pre-petition contract will usually not be rendered core simply because the cause of action could only arise post-petition."). The court in *In re Lawrence* agreed with the insurer that the complaint only "involves ordinary state-law claims on a first-party insurance contract and does not otherwise implicate the debtor's rights under the bankruptcy code." *Id.* at 788. The outcome here is no different. UOB's breach of contract and declaratory judgment claims against Gemini (and the other insurers) are not listed in Section 157(b)(2). These claims are based on the interpretation of Texas law, not the Bankruptcy Code. Both claims are also based on insurance policies issued pre-petition. Since UOB's breach of contract and declaratory judgment claims could arise outside of bankruptcy court, the claims are non-core.

**C.  The Remaining Factors Also Weigh In Favor Of Withdrawing The Reference.**

13. Judicial efficiency would be better served by withdrawing the reference, and ultimately transferring this coverage dispute to Osceola County, Florida. Specifically, the underlying construction defect case is pending in Florida. (DE 1, Pg. 22-23). Some of the parties

---

[2] The court also recommended that the district court withdraw the reference. *Id.* at 184.

are located in Florida. (*Id.*, Pg. 5-6). The action was originally filed by UOB in Florida. Accordingly, the third and fourth factor weighs in favor of withdrawing the reference. *See, e.g.*, *In re Breland*, No. 18-57, 2019 WL 1119972, at *2 (S.D. Ala. Jan. 24, 2019) ("All parties agree that this action is non-core proceeding. Thus, any decision by the bankruptcy court will be subject to de novo review by the District Court. Therefore, judicial resources will be conserved if the reference is withdrawn and this case is transferred to the District Court for resolution."); *In re Lenders Abstract & Settlement Serv., Inc.*, 493 B.R. 385, 397 (E.D.N.Y. 2013) ("Here, if the motion to withdraw the reference is not granted, this Court will still be required to review de novo any findings made by the bankruptcy court regarding the adversary proceeding. As a result, the Court finds that judicial resources will be better served if this Court grants Tudor's motion to withdraw the reference and oversees the entire litigation of this matter.").

14. Further, resolution of the coverage issues will not impact administration of the estate. For example, UOB represented to the Bankruptcy Court that it "continues to earn sufficient cash-flow from these active construction projects to pay its ordinary debts and obligations as they come due."[3] Further, the "mere potential to increase the assets of a post-confirmation trust is insufficient to establish the required close nexus." *In re PRS Ins. Group, Inc.*, 445 B.R. 402, 405 (Bankr. D. Del. 2011). Factors 2 and 5 are therefore neutral. *See, e.g. Wellman Thermal Sys., Corp. v. Columbia Cas. Co.*, No. 1:05cv1191, 2005 WL 4880619 (S.D. Ind. Oct. 5, 2005) ("Withdrawal of the reference here will neither negatively affect the uniformity and efficiency in bankruptcy administration nor promote forum shopping because the issues presented by the adversary proceeding are not unique to bankruptcy law."); *DeWitt*, 464 B.R. at 593.

---

[3] *See In re Urban Oaks Builders, LLC*, filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 18-34892 (DE 72, Pg. 3).

15. Factor 6 is not at issue because UOB did not request jury trial in the Complaint. (*See* DE 1). Last, the only reason UOB filed the Complaint in Bankruptcy Court is over some perceived advantage of litigating coverage before this Court. This type of forum shopping tips the scale in favor of withdrawing the reference. As a matter of law, this Court should recommend that the District Court enter an order withdrawing the reference in this adversary proceeding.

## **CONCLUSION**

For the reasons articulated in this motion, Gemini respectfully requests that the Court (a) prepare a report and recommendation that the District Court enter an order withdrawing the reference of this adversary proceeding and (b) grant Gemini such other and further relief as this Court deems just and appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 29, 2019.
Houston, Texas.

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246
jason.boland@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

- and -

SINA BAHADORAN
Florida Bar No. 523364
Sina.Bahadoran@Clydeco.us
MICHELE A. VARGAS
Florida Bar No. 686395
Michele.Vargas@Clydeco.us

CLYDE & CO US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646
*Admitted pro hac vice*

*Counsel for Gemini Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2019, a true and correct copy of the foregoing has been served via the CM/ECF system to all parties registered to receive such service.

*/s/ Julie Harrison*
Julie Harrison