**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

URBAN OAKS BUILDERS, LLC; HINES
INTERESTS LIMITED PARTNERSHIP; 1662
MULTIFAMILY LLC; HINES 1662
MULTIFAMILY, LLC; HINES INVESTMENT
MANAGEMENT HOLDINGS LIMITED
PARTNERSHIP; HIMH GP, LLC; HINES
REAL ESTATE HOLDINGS LIMITED
PARTNERSHIP; JCH INVESTMENTS, INC;

     Plaintiffs,

v.                                                                    Case No. 4:19-CV-04211 (VDG)

GEMINI INSURANCE COMPANY;
IRONSHORE SPECIALTY INSURANCE
COMPANY; NAVIGATORS SPECIALTY
INSURANCE COMPANY; GREAT
AMERICAN ASSURANCE COMPANY;
SOUTHSTAR CAPITAL GROUP I, LLC;
COTTINGTON ROAD TIC, LLC; DURBAN
ROAD TIC, LLC; COLLIS ROOFING, INC.;
DA PAU ENTERPRISES, INC.; FLORIDA
CONSTRUCTION SERVICES, INC.;
STRUCTURAL CONTRACTORS
SOUTH, INC.;

     Defendants.

_____/

**<u>GEMINI'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CROSSCLAIM BY
GREAT AMERICAN ASSURANCE COMPANY</u>**

Defendant GEMINI INSURANCE COMPANY ("Gemini") files its answer and

affirmative defenses to the crossclaim (DE 92) filed by GREAT AMERICAN ASSURANCE

COMPANY ("Great American"), and alleges:

.

## PARTIES

1.    Upon information and belief, admitted.

2.    Admitted.

3.    Upon information and belief, admitted.

4.    Upon information and belief, admitted.

5.    Upon information and belief, admitted.

6.    Upon information and belief, admitted.

7.    Upon information and belief, admitted.

8.    Admitted.

## JURISDICTION AND VENUE

9.    Admitted.

10.    Admitted.

## BACKGROUND

11.    Admitted.

12.    Admitted

13.    The Subcontracts and Wrap Manual for the CIP speak for themselves and need not be admitted or denied.

14.    The Gemini policy speaks for itself and need not be admitted or denied.

15.    The Ironshore policy speaks for itself and need not be admitted or denied.

16.    The Ironshore policy speaks for itself and need not be admitted or denied.

17.    The Ironshore policy speaks for itself and need not be admitted or denied.

18.    The Navigators policy speaks for itself and need not be admitted or denied.

19.    The Navigators policy speaks for itself and need not be admitted or denied.

20.    The Great American policy speaks for itself and need not be admitted or denied.

21.    The Great American policy speaks for itself and need not be admitted or denied.

22.    Upon information and belief, admitted.

23.    Upon information and belief, admitted.

24.    Admitted that the Southstar Entities made claims against Plaintiffs regarding the Project. As for the remaining allegations, denied.

25.    Admitted that the Southstar Entities filed the Underlying Lawsuit against Plaintiffs and others. As for the remaining allegations, the complaint in the Underlying Lawsuit speaks for itself and need not be admitted or denied.

26.    The Standstill Agreement speaks for itself and need not be admitted or denied.

27.    Denied.

28.    Denied.

29.    Admitted. More specifically, the each Occurrence limit of Gemini's policy was exhausted prior to the Underlying Lawsuit.

30.    Admitted.

31.    Without knowledge; therefore denied.

### COUNT I – DECLARATORY RELIEF AGAINST GEMINI

32.    Gemini reincorporates paragraphs 1 to 31.

33.    Denied.

34.    Denied.

35.    The Gemini policy speaks for itself and need not be admitted or denied.

36.    Denied.

37.    Denied.

38.     Denied.

## COUNT II – DECLARATORY RELIEF AGAINST IRONSHORE

39.     Gemini reincorporates paragraphs 1 – 31.

40.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

41.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

42.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

43.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

44.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

## COUNT III – DECLARATORY RELIEF AGAINST SUBCONTRACTOR DEFENDANTS

45.     Gemini reincorporates paragraphs 1 – 31.

46.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

47.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

48.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

49.     This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

50.    This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

51.    This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

52.    This Count is not directed to Gemini. Consequently, this allegation need not be admitted or denied.

**PRAYER**

All allegations and claims in the WHEREFORE paragraph are denied including that Great American is entitled to any relief.

All allegations in the crossclaim not specifically admitted are denied.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense: Coverage is barred, in whole or in part, by the terms, provisions, exclusions, conditions and limitations contained in the Gemini policy. Each of these applicable terms, provisions, exclusions, conditions, and limitations are asserted as affirmative defenses.

Second Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, pursuant to Plaintiffs' demands for reimbursement, Gemini made the following payments in connection with the alleged construction defect claims against them: Check No. 0000036701 in the amount of $900,259.77, Check No. 0000036313 in the amount of $935,005.43, and Check No. 0000036145 in the amount of $164,734.80. These payments exhausted Gemini's each occurrence limit of $2M. Consequently, Gemini does not owe a defense or indemnity.

Third Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, on January 29, 2018, Plaintiffs demanded that Ironshore defend and/or

indemnify them for damages from the Southstar Lawsuit. In support of their demand, Plaintiffs informed Ironshore, "the primary carrier, Gemini, stated that it has exhausted its policy limits of $2,000,000 on January 17, 2018. As a result we are expecting prompt payment of these invoices by Ironshore…."

Fourth Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, the insuring agreement of Coverage A of Gemini's policy does not require a complete release as a condition of exhaustion of the each occurrence limit of $2M.

Fifth Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, Section III – Limits of Insurance of Gemini's policy does not require a total settlement agreement and release as a condition of exhaustion of the each occurrence limit of $2M.

Sixth Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, the Underlying Lawsuit only alleges a single "occurrence" as that term is defined in Gemini's policy.

Seventh Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, the Gemini policy's insuring agreement provides that Gemini's "right and duty to defend ends when [it has] used up the applicable limit of insurance in the payment of judgments or settlements[.]" Gemini made three payments, which in total exhausted the applicable limit of the Gemini policy. Consequently, Gemini does not owe indemnity for the judgment against the Plaintiffs.

Eighth Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, Gemini provided a defense until the exhaustion of the policy.

Gemini also assisted Plaintiffs' in the release of $2M in liability from the Southstar Entities as provided in the Standstill Agreement.

Ninth Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, once Gemini exhausted the $2M each occurrence limit of the policy, Ironshore's obligations under its excess policy was triggered. Accordingly, Ironshore (not Gemini) owes a defense and indemnity in the Underlying Lawsuit.

Tenth Affirmative Defense: The crossclaim fails to state a valid claim for which relief can be granted. Specifically, Gemini's reimbursements were "payments of settlement" because they (a) were pursuant to the Warranty Work Agreement and Standstill Agreement between the parties, (b) limited the damages in dispute between the parties and benefitted the insured, (c) were paid by Gemini at UOB's request, and (d) were payments of settlement by the plain meaning of the term.

Eleventh Affirmative Defense: Gemini has fully complied with the terms and conditions of its policy. Consequently, Gemini no longer owes defense or indemnity regarding the Underlying Lawsuit.

Twelfth Affirmative Defense: Gemini issued and delivered the Commercial General Liability Wrap policy described in paragraph 12 above to "Hines Interests Limited Partnership and Urban Oaks Builders, LLC" in Houston, Texas. Consequently, Texas law applies to the interpretation of the Gemini policy.

Thirteenth Affirmative Defense: The proper test for determining the number of occurrences under Texas law is the liability triggering test.

Fourteenth Affirmative Defense: Should the Court find the underlying complaint alleges multiple occurrences, under Gemini's Policy Plaintiffs must pay a $25,000 deductible for each occurrence.

Fifteenth Affirmative Defense: Should the Court find the underlying complaint alleges multiple occurrences, Gemini is entitled to a declaration establishing: (a) the number of occurrences, (b) the identity of each occurrence, and (c) the value of each occurrence.

Sixteenth Affirmative Defense: To the extent the crossclaim contains insufficient information to permit Gemini to raise all appropriate defenses, Gemini reserves the right to amend or supplement its answer and affirmative defenses.

Respectfully submitted,

/s/MICHELE A. VARGAS
**SINA BAHADORAN**
Florida Bar No. 523364
sina.bahadoran@clydeco.us
**MICHELE A. VARGAS**
Florida Bar No. 686395
michele.vargas@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue
Suite 1600
Miami, Florida 33131
T: 305.446.2646
*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I CERTIFY that on September 11, 2020, this document was filed via the CM/ECF system.

/s/MICHELE A. VARGAS
**MICHELE A. VARGAS**