United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URBAN OAKS BUILDERS LLC, *et al.*, | § § § | |
| *Plaintiffs,* | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-cv-4211 |
| GEMINI INSURANCE COMPANY, *et al.*, | § § § | |
| *Defendants.* | § § | |

# ORDER

The Court has before it three *Daubert* motions in the above-captioned matter: (1) Plaintiffs' Renewed Motion to Exclude Expert Testimony of Nicholas M. Bradford, P.E., S.E., S.I. (Doc. No. 349); (2) Plaintiffs' Renewed Motion to Exclude Expert Testimony of Christopher Martin, Esq. (Doc. No. 350); and (3) Gemini's Motion to Exclude Plaintiffs' Expert Witness Michael A. Horst, P.E. (Doc. No. 357). The pertinent parties have filed responses and replies.

The motions were filed under the principles set out in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *Daubert*'s holdings have been summarized as follows:

> Reliable testimony must be grounded in the methods and procedures of science and signify something beyond "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590, 113 S.Ct. 2786. The inferences or assertions drawn by the expert must be derived by the scientific method. *Id.* In essence, the court must determine whether the expert's work product amounts to "'good science.'" *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("Daubert II") (quoting *Daubert*, 509 U.S. at 593, 113 S.Ct. 2786). In *Daubert*, the Supreme Court outlined factors relevant to the reliability prong, including: (1) whether the theory can be and has been tested; (2) whether it has been subjected to peer review; (3) the known or potential rate of error; and (4) whether the theory or methodology employed is generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593–94, 113 S.Ct. 2786. The Supreme Court emphasized the "flexible" nature of this inquiry. *Id.* at 594, 113 S.Ct. 2786.

> As later confirmed in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999): "*Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather the law grants a district court the same broad latitude when it decides how to determine reliability as [the court] enjoys in respect to its ultimate reliability determination." *Id.* at 141–42, 119 S.Ct. 1167.

*Abarca v. Franklin Cty. Water Dist.*, 761 F. Supp. 2d 1007, 1021 (E.D. Cal. 2011).

While *Daubert* attacks usually focus on a witness' reliability, some courts have also included an attack on a witness' qualification (or lack thereof) under the *Daubert* umbrella. While the complaints brought in the motions have elements of both, for the most part no one complains about the basic qualifications of the experts in question, with the exception of Michael Horst's ability to interpret the bankruptcy court's thinking when it rendered its judgment. (Doc. No. 357 at 2, 10).

## II. Analysis

The parties at oral argument agreed that the motion concerning attorney Christopher Martin was moot, and agreed to withdraw the motion on the condition that it can raise the issue on remand if the Fifth Circuit reverses this Court's ruling on the issue of "occurrences." Plaintiffs are hereby given leave to raise the issue if there is a remand and if the issue becomes relevant. That being the case, the Court denies the motion (Doc. No. 350) as moot.

The Court turns to Gemini's Motion to Exclude Michael Horst ("Horst"). Horst is a professional engineer and was engaged by Plaintiffs to identify construction defects, determine additional damages related to those defects, and to develop opinions as to the work required to fix the defects. Generally speaking, this would seem to be within the scope of his training and experience. The objections, however, are not based upon expertise, but more upon the manner/reliability of the way Horst went about developing his opinions. Instead of making his own inspections, conducting his own analysis, and then relying on generally accepted

2

construction/engineering principles and experience, Gemini contends Horst merely summarized the work performed by William Bracken and Paul Del Vecchio. Horst did not prepare a single estimate, but exclusively relied upon Del Vecchio's work. Horst concluded:

> Judge Jones ruled in favour [sic] of Southstar at the claim objection hearing and awarded them exactly $2 million less than PJDCCI's final estimate. The ruling did not allocate the $2 million or define what elements of the restoration claim were not included in the ruling. Due to lack of specificity, some of the elements included in PJDCCI's final cost estimate are difficult to tie directly to the claimed defects. Additional information would be helpful to clarify the intent of some of the repairs identified in the estimate. WJE utilized PJDCCI's estimate to allocate costs to the various construction defect categories discussed in this report, and the annotated PJDCCI final cost estimate is located in Appendix B of this report. Line items that could not be allocated to specific defects were left blank. As the ruling amounted to approximately 90 percent of the PJDCCI estimate, each line item should be reduced by about 10 percent.

*See* (Doc. No. 357-3 at 13).

Gemini argues the following:

> [Horst's] conclusion that "each line item should be reduced by about 10 percent" without any explanation or analysis is naked *ipse dixit*. There is no analysis or explanation as to how he jumps the analytical gap between the evidence and the judgment. Under the relevant *Daubert* analysis, Mr. Horst's theory cannot be tested; has not been subject to any peer review or publication; and is not generally accepted as valid by the engineering community.

(Doc. No. 357 at 10).

The Court hereby grants the motion to exclude Horst for a variety of reasons. First, none of his opinions are based upon his own work. While an expert is allowed to rely upon hearsay (but only if experts in the field would reasonably rely on those facts or data in forming an opinion), he/she is not allowed merely to parrot another expert's opinion, or the party line of whatever party hired him or her. With respect to his engineering-related testimony, Horst is doing

just that. He is reciting the actual opinions of two other individuals. He is relying on their opinions to form his opinion and that is not a reliable methodology.

The Court also grants the motion to the extent that Horst tries to opine as to what the bankruptcy court did or did not do or what it was or was not thinking in rendering its judgment. With respect to his powers of judicial insight, his conclusions fall into the "my guess is as good as yours" category. That is clearly violative of the Federal Rules of Evidence. His own testimony undermines his own work. Again, to quote the movant:

> [Horst] admits that he cannot recall ever preparing a report like this one. And that he has never heard of another engineer rendering an opinion like this. And that he has never heard of a scholarly article rendering an opinion like this. And that nothing in his education or certifications prepared him to render this report. And that he has no specific skill in evaluating judgments. And perhaps most importantly, he never actually figured out why Judge Jones awarded $2,000,000.00 less. Exhibit A, p. 41 ln. 4- 6. In fact, when pushed his defense of his so-called methodology is that "it's common-sense logic that we were using." Exhibit A, p. 47 ln. 25 – p.48 ln. 9; see also p. 51 ln. 14 - 17.

(Doc. No. 357 at 12).

Horst's testimony will not be allowed.

Finally, the Court turns to the Plaintiffs' Motion to Exclude Expert Nicholas Bradford. (Doc. No. 349). Like Gemini, Plaintiffs do not quarrel with Bradford's engineering expertise. Their complaint is that Bradford purports to testify about the number of construction-related occurrences under the prevailing insurance policies.

The Court initially notes that the law is clear that an occurrence is a question of law, not of fact, and it is not based upon engineering or construction analysis or expertise. It is primarily governed by the actual wording of the insurance policy—which in this case is the Gemini policy that states an occurrence is "an accident, including continuous or repeated exposure to substantially the same general harmful substance." (Doc. No. 231-1 at 25). The interpretation of

4

this language is a question of law for the Court. *U.E. Texas One-Barrington, Ltd. v. Gen. Star Indem. Co.*, 332 F.3d 274, 277 (5th Cir. 2003). Thus, no expert, whether legally trained or well-versed in some other discipline will be allowed to opine on the existence or number of occurrences. Expert opinion testimony is not allowed to interpret unambiguous contract language. *N. Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1281 (6th Cir. 1997). Moreover, Bradford's own testimony undermines his ability to offer such an opinion. He is not a legal expert and has never previously opined on this topic.

Instead, Bradford's preparation for opining was to review eight different engineering reports done by other individuals.[1] He did not work on the insured property, nor did he personally investigate or repair the problems found there. He did not confirm the accuracy of any one of the engineering reports—even when the reports diverged. He merely assumed all of the reports were accurate.

Gemini argues that Dr. Bradford's opinions pertain to "covered" and "non-covered" events/damages and his opinions will be relevant and admissible with respect to that issue. Moreover, it claims that Bradford is also qualified to address the flaws in the methodology utilized by Michael Horst. Obviously, Plaintiffs could argue that Horst is likewise qualified. At trial, some expertise will in all likelihood be needed to explain and/or describe the construction defects in question to the eventual finder of fact. To the extent that it becomes important, the Court can foresee a need for construction-related expertise, but it does not foresee the need for engineers to opine on the actual coverage question. Expert testimony may be needed to explain the defects and damage and subsequent repairs so the finder of fact can determine the amount of

---

[1] In its response, Gemini cites only seven reports (Ellinwood/Machado, EMA Forensics, Forefront Architecture + Engineering, Deatrick Engineering Associates, WJE, Karins Engineering Group, and Bracken Engineering) as the basis for Bradford's opinions. (Doc. No. 378 at 4). It is not clear if Gemini is counting Ellinwood/Machado as one or two reports; however, later in its briefing, Gemini also refers to eight reports.

5

the covered and uncovered claims. When that time comes, the parties will again be given the chance to designate experts. For now, however, the Court grants the motion to exclude.

That being the case, the Court denies the Motion to Exclude Christopher Martin (Doc. No. 350) as being moot. The Court grants the Motion to Exclude Michael Horst (Doc. No. 357) and the Motion to Exclude Nicholas Bradford to the extent that either purports to testify as to the existence of and/or number of occurrences and to the extent either purports to interpret the insurance policies or the Bankruptcy Court's judgment. The Court also grants the motion as to Horst to the extent that his purported testimony is not based upon personal expertise and investigation and is merely a regurgitation of Southstar's other experts. Finally, the Court grants these motions, but does so without prejudice. The Court foresees that the parties may want to re-designate Horst and/or Bradford to the extent that either is qualified, the above discussed defects are cured, and the individual is properly prepared to describe the defects in question, their cause, or the manner in which they were diagnosed and repaired (or to the extent they can rebut another party's expert opinion).

Signed at Houston, Texas, on this the 19th day of July 2024.

Andrew S. Hanen
United States District Judge