United States District Court
Southern District of Texas
**ENTERED**
July 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URBAN OAKS BUILDERS LLC, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-4211 |
| | § | |
| GEMINI INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## ORDER

Pending before the Court is Defendant Gemini Insurance Company ("Gemini")'s Motion for Partial Summary Judgment on Exhaustion. (Doc. No. 354). Defendant Navigators Specialty Insurance Company responded in opposition. (Doc. No. 368). Plaintiffs, Urban Oaks Builders LLC ("UOB"), Hines Interests Limited Partnership, 1662 Multifamily LLC, Hines 1662 Multifamily LLC, Hines Investment Management Holdings Limited Partnership, HIMH GP LLC, Hines Real Estate Holdings Limited Partnership, and JCH Investments, Inc. (collectively, the "Plaintiffs") and Great American Assurance Company (a former Defendant) also responded in opposition. (Doc. Nos. 385, 388). For the reasons discussed below, the Court hereby **DENIES** Gemini's Motion. (Doc. No. 354).

Gemini originally filed this Motion for Partial Summary Judgment on Exhaustion (Doc. No. 354) along with its Motion for Interpleader of Indemnity Proceeds and Release of Defendant Gemini Insurance Company for Indemnity. (Doc. No. 356). The Motions sought an entry of an order from this Court directing payment by Gemini of $2,000,000 into the Registry of the Court and a determination that Gemini is released from further indemnity payments based on the $4,000,000 general aggregate limit in Gemini's Commercial General Liability Policy (the "Gemini

Policy"). In support of its motions, Gemini pointed to the Memorandum and Recommendation ("M&R") adopted by this Court. (Doc. Nos. 313, 328). In that Order, the Court concluded that Gemini had a duty to defend its insureds until it reached the aggregate limits of liability for multiple occurrences under the Gemini Policy ($4,000,000). At the most recent hearing in this case, the Court questioned whether Gemini could simultaneously interplead the unexpended $2,000,000 (bringing its total contribution to approximately $4,000,000) into the Registry of the Court and perhaps—in theory—cap its liability, while at the same time preserving its arguments for appeal that the underlying dispute constituted only a single occurrence (thereby potentially limiting its indemnity exposure to $2,000,000). It would then presumably attempt to recover the additional $2,000,000 it interpleaded into the Court.[1] Subsequently, Gemini sent a letter to this Court (Doc. No. 429) seeking to withdraw its Motion for Interpleader (Doc. No. 356) and explained that the decision to do so was driven by the "exposure magnitude of the numerous categories of 'defense costs' that [UOB] seeks to recover which include interest on loans, financial consultants, construction costs, remediation costs, bankruptcy costs, etc. which [are] the subject matter of other motions now pending before the Court." (Doc. No. 429). The Court grants that withdrawal.

Nevertheless, Gemini stated that it believes that the threshold issue of whether the initial payments (totaling $2,000,000) exhausted the per-occurrence limit[2] in the Gemini Policy is still ripe for ruling. Defendant Ironshore Specialty Insurance Company ("Ironshore") responded with a letter in opposition (Doc. No. 430), disagreeing that any arguments in Gemini's Motion for Partial Summary Judgment on Exhaustion are ripe for ruling given that 1) Gemini withdrew its

---

[1] Another problem, at least in theory, is that before an opportunity to appeal the ruling presented itself, the Court would have executed a final judgment disbursing the sums. If it prevailed on appeal, it would then have to pursue the parties receiving the funds to get the money back.

[2] This limit is named in the Gemini Policy as the "Each Occurrence Limit." (Doc. No. 354-3 at 4). The parties refer to this limit as the "per occurrence limit." The Court uses the term "per-occurrence limit" for consistency and clarity.

Motion for Interpleader and 2) the fact that this Court has already adopted the M&R denying Gemini's original Motion for Summary Judgment on Exhaustion in its entirety. (Doc. No. 328).

Indeed, Gemini previously raised the same arguments related to the original $2,000,000 in its original Motion for Summary Judgment on Exhaustion. (Doc No. 233). The M&R concluded, and this Court agreed, that Plaintiffs sought coverage for multiple occurrences; as such, Gemini had a duty to defend its insureds until it reached the aggregate limits of liability for multiple occurrences under the Gemini Policy ($4,000,000). (Doc. Nos. 313, 328).

It appears that a fact issue remains as to whether the $2,000,000 that has been expended is entirely applicable to satisfy Gemini's indemnity obligation. Navigators alleges that Gemini's payments totaling $2,000,000 included a $2,565.00 payment of defense costs to Baker Botts LLP on April 28, 2017. (Invoice #1547137). (Doc. No. 353-1 at 461).[3] The Gemini Policy dictates that payment of defense costs ("Supplementary Payments – Coverages A and B") will not reduce the limits of insurance. (Doc. No. 354-3 at 14). Navigators has offered a sworn affidavit by an attorney at Baker Botts LLP that the $2,565.00 invoice was issued "for services and expenses incurred in defending Urban Oaks against the claims of the Southstar Parties." (Doc. No. 353-1 at 461). The consequence of this payment would mean that Gemini has yet to exhaust its $2,000,000 per-occurrence limit, much less its $4,000,000 general aggregate limit. At the most recent hearing in this case, counsel for Gemini stated that Gemini did not know why the payment was made. (Doc. No. 431 at 42:20).

Finally, in the instant Motion for Partial Summary Judgment on Exhaustion (Doc. No. 354), Gemini states the following: "Assuming the Court grants Gemini's Motion for Interpleader of Indemnity Proceeds, then this Court should also grant this Motion for Partial Summary Judgment

---

[3] Incorporated by reference in Navigators' Response (Doc. No. 368).

on Exhaustion." (Doc. No. 354 at 14). As previously mentioned, Gemini has withdrawn its Motion for Interpleader. As a result, and for the other reasons articulated above, the Court **DENIES** Gemini's Motion for Partial Summary Judgment on Exhaustion. (Doc. No. 354).

Signed at Houston, Texas, on this the 1ᵃ day of July 2024.

Andrew S. Hanen
United States District Judge