UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| URBAN OAKS BUILDERS LLC, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-04211 |
| GEMINI INSURANCE COMPANY, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are several motions to exclude the testimony of certain experts. There is the Motion to Exclude the testimony of K. Scott Van Meter ("Van Meter") filed by Ironshore Specialty Insurance Company ("Ironshore"). (Doc. No. 458). Plaintiff Urban Oaks and its various entities ("Plaintiffs") and Defendant Southstar Capital and its related entities ("Southstar") (collectively referred to here as "Plaintiffs") have responded in opposition, (Doc. No. 468), and Ironshore has replied. (Doc. No. 478). Ironshore has also requested that this Court exclude the testimony of Paul J. Del Vecchio ("Del Vecchio"). (Doc. No. 459). Plaintiffs have responded in opposition, (Doc. No. 469), and Ironshore has replied (Doc. No. 477). Finally, Ironshore has moved to exclude certain testimony of Michael Rimoldi ("Rimoldi"), (Doc. No. 460), to which Plaintiffs have responded in opposition, (Doc. No. 467), and Ironshore has replied. (Doc. No. 476).

### I.

Before addressing each motion, the Court reminds counsel that this trial is one before the bench, so there is no danger of prejudicing the finder of fact if some irrelevant or otherwise questionable testimony is offered. Such an incident can be dealt with if a timely objection is lodged.

## II.

Secondly, the Court on the one hand does not see an inherent problem in allowing an expert to express an opinion on damages that does not match or line up with the finding made by the Bankruptcy Court—assuming that is the true opinion of that expert. The Court, therefore, finds no reason to exclude the opinion of Van Meter solely because his opinion of damage exceeds the damage award determined by the Bankruptcy Court. That being said, the Bankruptcy Court has determined the damages in this case. That decision was not appealed, and this Court is not retrying that issue. As long as Van Meter's testimony touches on the issues that this Court is addressing, the Court finds no reason to blanketly strike his testimony prior to trial. It can address the admissibility of that testimony, like all testimony, on a question by question basis.

## III.

This same general principal applies to the testimony of Del Vecchio. The fact that Del Vecchio's cost of repair estimate ranges somewhere between $20,439,945.46 and $28.2 million does not persuade this Court to revisit the number awarded by the Bankruptcy Court. This issue has been resolved by that court after a full and fair hearing, and the parties do not get another chance to convince this Court to change that figure.

This ruling may not result in all of his opinions being irrelevant, nor does it resolve all of the objections. To the extent any of his opinions were not disclosed in his report, the Court will address those on a question by question basis, addressing any relevant objection. The Court advises all parties that opinions outside of one's report (and not otherwise disclosed or supplemented) are not permitted by Fed. R. Civ. P. 26(a)(2)(B) and will not be allowed. This Court gave the parties sufficient time to get their experts lined up after it made clear what issues would be addressed and,

short of extremely extraordinary circumstances, it sees no reason that the parties should not comply with the rules.

## IV.

The more interesting motion from the Court's viewpoint is that concerning Rimoldi. Ironshore has offered to stipulate to the admission of his report. (Doc. No. 460 at 2). While this Court will not order Plaintiffs to accept this stipulation, as noted above, it does intend to hold all parties to the letter of the rules, so it is hard to imagine what else Plaintiffs could glean from his testimony (that would be subject to cross-examination) that they would not get from his report (that would not be subject to cross-examination). Nevertheless, the Court will not at this juncture strike his testimony.

## V.

The Court, in effect, has granted in part and denied in part all three of Ironshore's motions. (Doc. Nos. 458, 459, 460).

SIGNED this 25ᵗʰ day of September, 2025.

Andrew S. Hanen
United States District Judge